UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

JOHNNY D. ORUM,

        Plaintiff,

v.

DAVID RINK et al.,

        Defendants.

_____/

Case No. 2:18-cv-158

Honorable Janet T. Neff

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The action initially named 20 Defendants. In a prior opinion and order, the Court dismissed without prejudice 16 Defendants for misjoinder.

The matter presently is before the Court for initial review of the remainder of the complaint, under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). The PLRA requires the Court to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's Eighth Amendment, retaliation, and equal protection claims with prejudice, for failure to state a claim.

## Discussion

I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. The events about which he complains, however, occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. In his remaining claims Plaintiff sues MDOC Director Heidi E. Washington, MDOC CFA Special Activities Director David Leach, URF Warden Jeffrey Woods, and URF Chaplain David Rink.

Plaintiff claims that he sent a kite to both food service and Chaplain Rink, asking to receive a fast bag for the Fast of Tammuz, which is a Jewish religious holy day included in the MDOC's approved fast and feast days. Defendant Rink allegedly told Plaintiff and others that they would be receiving a fast bag on the night of July 24, 2016, following the Fast of Tammuz. Plaintiff, however, did not receive the fast bag. Plaintiff spoke with the food service supervisor and Sergeant Bernhardt (not defendants), who informed Plaintiff that they knew nothing about the fast. Plaintiff filed Grievance No. URF-16-07-2726-20E on July 26, 2016, against Defendants Rink, Woods, and Leach, as well as Assistant Deputy Warden Horton (not a defendant) and the MDOC deputy director (not a Defendant). (Grievance No. URF-16-07-2726-20E, ECF No. 1-1, PageID.21.) In his grievance, Plaintiff claimed violations of the First and Eighth Amendments, the Equal Protection Clause, and the Religious Land Use and Institutionalized Persons Act (RLUIPA), because he was deprived of food for one day.

Plaintiff sent another kite to Defendant Rink, asking for a fast bag for the fast of Tisha B'av, which was observed on August 13-14, 2016. When Plaintiff did not receive a prompt response from Rink, he filed another grievance, No. URF-16-08-2813-28E on July 28, 2016,

against Defendant Rink. His grievance was rejected as untimely on August 3, 2016. (Grievance No. URF-16-08-2813-28E and response, ECF No. 1-1, PageID.23-24.) After his grievance was rejected, Defendant Rink sent Plaintiff a memorandum, advising him that the MDOC Central Office had informed him that the institution would make no provision for fast bags for the fasts of Tammuz and Tisha B'av. Defendant Rink advised Plaintiff that he was obligated to follow the instructions of the Central Office. He also informed Plaintiff that the MDOC recognizes and accommodates many religious fast days such as these without special meal arrangements for prisoners who observe the fasts. (Rink Kite Response, ECF No. 1-1, PageID.26.)

Plaintiff filed another grievance about the denial of a fast bag on Tisha B'av on August 11, 2016, naming Defendants Washington, Leach, Rink and the MDOC Deputy Director, which was rejected as duplicative by Defendant McLean on August 15, 2016. (Grievance No. URF-16-08-2949-28A, ECF No. 1-1, PageID.28-29.)

Plaintiff contends that Defendants Washington, Leach, and Rink, by failing to provide him with a religious fast bag on two religious fast days, violated the First and Eighth Amendments, the Equal Protection Clause, the RLUIPA, and various provisions of the Michigan constitution.

Plaintiff seeks declaratory and injunctive relief, together with compensatory and punitive damages.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include

more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Eighth Amendment

Plaintiff alleges that Defendants Rink, Leach, Woods, and Washington violated his rights under the Eighth Amendment by refusing to provide him a fast bag on two dates, resulting

4

in him receiving no food after he completed his fasts on those days. "[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate ... food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (quoting *Farmer*, 511 U.S. at 832). The Constitution "does not mandate comfortable prisons," however. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 960, 954 (6th Cir. 1987). Thus, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (same); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim); *Staten v. Terhune*, No. 01–17355, 2003 WL 21436162, at *1 (9th Cir. June 16, 2003) (deprivation of two meals is not sufficiently serious to form the basis of an Eighth Amendment claim); *Cagle v. Perry*, No. 9:04–CV–1151, 2007 WL 3124806, at *14 (N.D.N.Y. Oct. 24, 2007) (deprivation of two meals is "not sufficiently numerous, prolonged or severe" to give rise to an Eighth Amendment claim).

Here, Plaintiff missed a total of two meals as the result of being deprived of a fast bag. Under the cited cases, the alleged deprivation falls short of stating an Eighth Amendment claim.

B.	Retaliation

Plaintiff contends that Defendants Rink, Leach, Woods, and Washington deprived him of his fast bag on two dates (July 24 and August 14, 2016), in retaliation for Plaintiff having filed a civil rights action against Washington, Leach, Woods, Rink, Derry, and Osborn in May 2016.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

The filing of a nonfrivolous civil rights action is constitutionally protected action for which a prisoner cannot be subjected to retaliation. *See Bell v. Johnson*, 308 F.3d 594, 607 (6th Cir. 2002). However, an "inmate cannot immunize himself from adverse administrative action by prison officials merely by filing a grievance or a lawsuit and then claiming that everything that happens to him is retaliatory," *Spies v. Voinovich*, 48 F. App'x 520, 525 (6th Cir. 2002). As the Supreme Court held in *Lewis v. Casey*, "[d]epriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions.").

Plaintiff alleges that the protected conduct on which he bases his claims was his filing of the civil rights action in *Orum v. Mich. Dep't of Corrs.*, 2:16-cv-109 (W.D. Mich.). That

complaint was not entirely frivolous, as the action remains pending more than two years after it was filed, despite the fact that Defendant Washington was dismissed at initial screening on October 28, 2018. (No. 2:16-cv-109, ECF Nos. 17-18, PageID.159-160.) Plaintiff therefore has met the first element of his retaliation claim.

However, even assuming that the denial of a fast bag rises to the level of adverse action, Plaintiff's allegations fall woefully short of demonstrating the third element of his retaliation claim. It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005); *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. "[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'" *Harbin-Bey*, 420 F.3d at 580 (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538-39 (6th Cir. 1987)); *see also Murray v. Unknown Evert*, 84 F. App'x 553, 556 (6th Cir. 2003) (in complaints screened pursuant to 28 U.S.C. § 1915A, "[c]onclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial") (internal quotations omitted); *Lewis v. Jarvie*, 20 F. App'x 457, 459 (6th Cir. 2001) ("bare allegations of malice on the defendants' parts are not enough to establish retaliation claims" that will survive § 1915A screening). In some circumstances, temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004).

Plaintiff merely alleges the ultimate fact of retaliation. He alleges no facts from which to reasonably infer that Defendants' actions were motivated by his protected conduct. Plaintiff simply concludes that, because he filed a civil rights action against Defendants Rink, Leach, Woods, and Washington, among others, some months before Defendants' actions, their actions must have been motivated by his grievances. The Sixth Circuit, however, has been reluctant to find that temporal proximity between the filing of a grievance and an official's adverse conduct, standing alone, is sufficient to establish a retaliation claim. *Hill v. Lappin*, 630 F.3d 468, 476 (6th Cir. 2010). Moreover, temporal proximity is even less persuasive in Plaintiff's case, given that Plaintiff's complaint was not served on any Defendant until November 2016, well after the conduct about which Plaintiff complains.

Under these circumstances, Plaintiff's allegation that Defendants deprived him of fast bags for a retaliatory reason fails to state a claim.

### C. Equal Protection

Plaintiff alleges that, by denying him a fast bag following two religious fast days Defendants Rink, Leach, Woods, and Washington deprived him of his rights under the Equal Protection Clause. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., Amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). When a law adversely impacts a "suspect class" such as one defined by race, alienage, or national origin, or invades a "fundamental right" such as speech or religious freedom, the rigorous "strict scrutiny" standard ordinarily governs, whereby such laws "will be sustained only if they are suitably tailored to serve a compelling state interest." *City of Cleburne*, 473 U.S. at 440. However, while a convicted prisoner does not forfeit all constitutional protections by virtue of his confinement,

"lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights . . . ." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "The limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives – including deterrence of crime, rehabilitation of prisoners, and institutional security." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citing, *inter alia*, *Turner v. Safley*, 482 U.S. 78, 84 (1987)).

Plaintiff's allegation of discriminatory treatment is conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Plaintiff fails to allege sufficient facts to support a claim of intentional religious discrimination by either direct or indirect evidence. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 440 (6th Cir. 2012) (discussing the distinction between direct and indirect methods of proving discrimination). He provides no specific factual allegations to suggest that he was treated differently than any other similarly situated person or group. Plaintiff's conclusory allegations therefore fail to state an equal protection claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's Eighth Amendment, retaliation, and equal protection claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated: December 20, 2018          /s/ Janet T. Neff
                                  Janet T. Neff
                                  United States District Judge